UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,        Criminal No.: 13-cr-20155

v.               Honorable Thomas L. Ludington

RITA MARIE STRICKLAND,

    Defendant.
_____/

**ORDER DENYING MOTION TO MODIFY JUDGMENT**

On June 13, 2013, Defendant Rita Strickland was sentenced to twelve months and one day of imprisonment after pleading guilty to social security fraud. ECF No. 14. On February 15, 2017, Strickland filed a motion to modify the requirement, imposed in the judgment, that she provide restitution to the Social Security Administration. ECF No. 15. She asserts that she is entitled to social security disability benefits, but that the Social Security Administration has withheld those funds to pay the restitution she owes (the remaining balance totals over $77,000). Strickland represents that she has no other source of income and requests that the "court order that the Social Security Administration resume payments of the benefits payable to Defendant . . . while withholding $200.00 monthly to be applied to the restitution balance in this case." *Id.* at 2.

Stickland's motion for a modification will be denied for several reasons. First, an order of restitution is a final order and can only be amended pursuant to 18 U.S.C. § 3664(o). That provision gives four bases on which an order of restitution can be amended, but none are applicable here. Strickland is not seeking to correct an error in judgment such that Federal Rule

of Civil Procedure 35 would apply. Strickland waived her right to appeal the restitution order, meaning that § 3664(o)(B) is inapplicable. Likewise, Strickland is not entitled to relief pursuant to § 3664(o)(C), because there has been no change in the known amount of loss suffered by the victims of Strickland's crime. Section 3664(o)(D) allows for amendment pursuant to § 3664(k). Section 3664(k) authorizes the Court to "adjust the payment schedule" of a restitution order if the defendant's economic circumstances have changed. Here, however, the Court did not implement a payment schedule in its restitution order. See ECF No. 14. Thus, there is no payment schedule for the Court to amend pursuant to § 3664(k). *United States v. Nelson*, No. 03-80712, 2013 WL 3381436, at *2 (E.D. Mich. July 8, 2013) ("[T]he court cannot modify a non-existent payment schedule.").

To the extent Strickland is seeking review of the Social Security Administration's refusal to waive the offset collection of her overpayment, this Court does not have jurisdiction. First, it should be noted that the Social Security Administration has authority to fully withhold benefits if the Administration previously overpaid benefits to an individual because of "intentional false statements" or "willful concealment." 20 C.F.R. § 404.502. Thus, the Social Security Administration's decision was consistent with applicable law. More importantly, this Court does not have jurisdiction to decide this motion. *See Nelson*, 2013 WL 3381436, at *2 ("[T]he court is without jurisdiction to prevent the SSA from withholding Nelson's benefits."); *United States v. Brown*, No. CRIM. 09-116, 2012 WL 75105, at *4 (W.D. Pa. Jan. 10, 2012) ("This Court lacks jurisdiction to enjoin the Social Security Administration from collecting the overpaid sums pursuant to valid federal regulations and policies."); *United States v. Young*, No. 1:10-CR-00006-TBR-2, 2012 WL 4023773, at *3 (W.D. Ky. Sept. 12, 2012) ("[T]he Court lacks jurisdiction to

- 3 -

prevent the SSA from recouping Young's entire monthly benefit."). *See also* 18 U.S.C. § 3663(g)(1) ("No victim shall be required to participate in any phase of a restitution order.").

As the Government explains, Strickland's entitlement to judicial review of a Social Security Administration decision is governed by 42 U.S.C. § 405(g). That provisions allows individuals to bring a *civil* action after having exhausted their administrative remedies. Thus, § 405(g) does not provide jurisdiction for Strickland's request for review of the Social Security Administration's decision in this criminal action. The documentation which Strickland attached to her motion indicates that administrative appeal avenues remain open to Strickland. Thus, she has not yet exhausted her administrative remedies. If, after having done so, Strickland still believes that the Social Security Administration has acted unlawfully, she may file a civil action seeking judicial review pursuant to §405(g).

Accordingly, it is **ORDERED** that Defendant Strickland's motion to the judgment, ECF No. 15, is **DENIED.**

Dated: March 14, 2017              s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 14, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager